IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERNEST NORTON,                       )
                                     )   2:09-cv-01934-GEB-JFM
            Plaintiff,               )
                                     )   <u>STATUS (PRETRIAL</u>
       v.                            )   <u>SCHEDULING) ORDER</u>
                                     )
UNITED RECOVERY SERVICES,            )
                                     )
            Defendant.               )
_____)

        The status (pretrial scheduling) conference scheduled for December 14, 2009 is vacated since the parties indicate in their untimely Joint Status Report, filed December 3, 2009, that the following Order should issue.  The minute order filed on October 6, 2009 required that a joint status report be filed fourteen days prior to the conference.

        **The parties are warned that failure to meet a Rule 16 filing deadline could be sanctionable conduct.**  Should an Order to Show Cause ("OSC") be issued in this case for such or other conduct in the future, the parties' failure to file a timely status report may also be the subject of such an OSC.  The parties are mistaken if they believe that filing deadlines can be ignored with impunity from being the subject of sanctioning jurisprudence.

//

//

//

1

<u>SERVICE, JOINDER OF ADDITIONAL PARTIES, AMENDMENT</u>

No further service, joinder of parties or amendments to pleadings is permitted, except with leave of Court, good cause having been shown.

<u>DISCOVERY</u>

All discovery shall be completed by July 13, 2010. In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate orders, if necessary, and, where discovery has been ordered, the order has been complied with or, alternatively, the time allowed for such compliance shall have expired.[1]

Each party shall comply with Federal Rule of Civil Procedure 26(a)(2)(c)(i)'s initial expert witness disclosure requirements on or before January 4, 2010, and any contradictory and/or rebuttal expert disclosure authorized under Rule 26(a)(2)(c)(ii) on or before February 5, 2010.

<u>MOTION HEARING SCHEDULE</u>

The last hearing date for motions shall be September 13, 2010, at 9:00 a.m.[2]

---

[1] The Magistrate Judges in the Eastern District are responsible for resolving discovery disputes. <u>See</u> Local Rule 302(c)(1). A party conducting discovery near the discovery "completion" date risks losing the opportunity to have a judge resolve a discovery dispute concerning that discovery.

[2] This time deadline does not apply to motions for continuances, temporary restraining orders, emergency applications, or motions under Rule 16(e) of the Federal Rules of Civil Procedure.

The parties are cautioned that an untimely motion characterized as a motion in limine may be summarily denied. A motion in limine addresses the admissibility of evidence.

FINAL PRETRIAL CONFERENCE

The final pretrial conference is set for November 8, 2010, at 3:30 p.m. The parties are cautioned that the lead attorney who WILL TRY THE CASE for each party shall attend the final pretrial conference. In addition, all persons representing themselves and appearing in propria persona must attend the pretrial conference.

The parties are warned that non-trial worthy issues could be eliminated *sua sponte* "[i]f the pretrial conference discloses that no material facts are in dispute and that the undisputed facts entitle one of the parties to judgment as a matter of law." Portsmouth Square v. S'holders Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985).

The parties shall file a JOINT pretrial statement no later than seven (7) calendar days prior to the final pretrial conference.[3] The parties shall include in the joint pretrial statement: (1) a list of the remaining claims against each defendant; (2) a list of the remaining affirmative defenses; and (3) the estimated number of trial days.[4] Further, in accordance with Local Rule 281(b)(3)-(4), the parties shall provide the undisputed facts they agree can be read to

---

[3] The failure of one or more of the parties to participate in the preparation of any joint document required to be filed in this case does not excuse the other parties from their obligation to timely file the document in accordance with this Order. In the event a party fails to participate as ordered, the party or parties timely submitting the document shall include a declaration explaining why they were unable to obtain the cooperation of the other party.

[4] **The joint pretrial statement shall also state how much time each party desires for voir dire, opening statements, and closing arguments.**

the jury before opening statements, or used by the judge in deciding a bench trial; and a concise statement of disputed factual issues pertinent to the claims and affirmative defenses to be tried.  If the case is to be tried to a jury, the parties shall also prepare a succinct statement of the case, which is appropriate for the court to read to the jury during voir dire.

The Court uses the parties' joint pretrial statement to prepare its final pretrial order and could issue the final pretrial order without holding the scheduled final pretrial conference.  See Mizwicki v. Helwig, 196 F.3d 828, 833 (7th Cir. 1999) ("There is no requirement that the court hold a pretrial conference.").

If possible, at the time of filing the joint pretrial statement counsel shall also email it in a format compatible with WordPerfect to: geborders@caed.uscourts.gov.

TRIAL SETTING

Trial shall commence at 9:00 a.m. on February 8, 2011.

MISCELLANEOUS

The parties are reminded that pursuant to Federal Rule of Civil Procedure 16(b), the Status (Pretrial Scheduling) Order **shall not be modified except by leave of Court upon a showing of good cause. Counsel are cautioned that a mere stipulation by itself to change dates does not constitute good cause.**

IT IS SO ORDERED.

Dated:  December 9, 2009

_____
GARLAND E. BURRELL, JR.
United States District Judge